**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| RLI Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Phoebe Stevens; and Juliana M. Head, Individually, as Personal Representative of the Estate of Nathen Douglas Head, and as Parent and Guardian of minors R.H., B.H., A.H., and I.H.,<br><br>Defendants. | Case No.: 2:26-cv-5195-RMG<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

NOW COMES RLI Insurance Company, by and through the undersigned counsel, and for its Complaint for Declaratory Judgment against Defendants, alleges and says as follows:

**<u>THE PARTIES</u>**

1. RLI Insurance Company ("RLI") is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Peoria, Illinois.

2. Upon information and belief, Defendant Juliana M. Head is the duly appointed Personal Representative of the Estate of Nathen Douglas Head and is the Parent and Guardian of her minor children R.H., B.H., A.H. and I.H.

3. Upon information and belief, Defendant Juliana M. Head is a citizen and resident of Charleston County, South Carolina.

4. Upon information and belief, Defendant Phoebe Stevens ("Phoebe") is a citizen and resident of Guilford County, North Carolina.

5. This Court has jurisdiction over the parties and subject matter of this action pursuant to 28 U.S.C. §1332 based upon the diversity of citizenship of the parties and the fact that the matter in controversy exceeds seventy-five thousand dollars ($75,000.00).

## NATURE OF THE ACTION

6. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201, *et seq*.

7. RLI seeks a declaratory judgment regarding its rights and obligations under an insurance policy issued to Phoebe's parents, William P. Stevens, III and Christina Stevens.

## FACTUAL BACKGROUND

### I. Underlying Tort Actions

8. On or about November 18, 2023, Nathen Head was fatally injured when the vehicle he was driving in Ravenel, South Carolina was struck by a vehicle being operated by Brandon Simons ("Simons") and solely owned by Phoebe (the "Accident").

9. Nathen Head's wife, Juliana Head, and their four minor children, R.H., B.H., A.H. and I.H., were passengers in the vehicle being driven by Nathen Head and also sustained injuries as a result of the Accident.

10. At the time of the Accident, Phoebe was a passenger in her vehicle which Simons was operating with Phoebe's express or implied permission.

11. On or about December 20, 2023, Juliana Head as Personal Representative of the Estate of Nathen Douglas Head filed Civil Action No. 2023-CP-10-06179 in the Court of Common Pleas, Ninth Judicial Circuit, Charleston County, South Carolina, seeking damages arising out of the Accident ("Estate Action"). A genuine copy of the Complaint filed in the Estate Action is attached as Exhibit A.

12. On or about May 8, 2024, Juliana Head Individually and as Parent and Guardian of her minor children R.H., B.H., A.H. and I.H. filed Civil Action No. 2024-CP-10-02412 in the Court of Common Pleas, Ninth Judicial Circuit, Charleston County, South Carolina, seeking damages arising out of the Accident ("Survivor Action"). A genuine copy of the Complaint filed in the Survivor Action is attached as Exhibit B.

13. The Estate Action and the Survivor Action are collectively referred to hereinafter as the "Underlying Tort Actions".

14. The Underlying Tort Actions allege that Phoebe was negligent in allowing her vehicle to be driven by Simons, a known reckless driver, while both Simons and Phoebe were under the influence of drugs and/or alcohol.

15. Phoebe was the sole owner of the vehicle driven by Simons at the time of the Accident.

## II. Underlying Liability Coverage

### The Penn National Policy

16. At the time of the Accident, Phoebe's parents William P. Stevens, III and Christina Stevens were insured under an automobile insurance policy issued to them by Pennsylvania National Insurance ("Penn National") with liability coverage limits in the amount of $500,000 per person and $500,000 per accident ("Penn National Policy").

17. Penn National denied coverage under the Penn National Policy for the damages sought against Phoebe in the Underlying Tort Actions. A genuine copy of Penn National's disclaimer letter is attached as Exhibit C.

18. Penn National denied coverage to Phoebe, in part, because Phoebe was not a resident of her parents' household and therefore did not qualify as an "insured" under the Penn National Policy.

19. Penn National similarly denied coverage to Phoebe under a homeowners policy issued to Phoebe's parents, in part, because Phoebe was not a resident of her parents' household and therefore did not qualify as an "insured" under that policy.

20. Upon information and belief, Phoebe has not disputed Penn National's denial of coverage or requested that Penn National reconsider its coverage position.

**The Progressive Policy**

21. At the time of the Accident, Phoebe's vehicle, driven by Simons, was insured under an automobile insurance policy issued to Phoebe by Progressive Premier Insurance Coverage of Illinois ("Progressive") and providing liability coverage in the amount of $100,000 per person and $300,000 per accident (the "Progressive Policy").

22. A genuine copy of the Declarations page for the Progressive Policy is attached hereto as Exhibit D.

## III. The RLI Umbrella Policy

23. RLI issued to Phoebe's parents, William P. Stevens, III and Christina Stevens, a Personal Umbrella Liability Policy bearing policy number PUP1314467 with effective dates from September 14, 2023 to September 14, 2024 and a stated limit of $5 million each occurrence (the "RLI Umbrella Policy").

24. A genuine copy of the RLI Umbrella Policy is attached as Exhibit E.

25. The address listed in the RLI Umbrella Policy for William P. Stevens, III and Christina Stevens is 3500 Camden Falls Circle, Greensboro, NC 27410.

26. The RLI Umbrella Policy was delivered to William P. Stevens, III and Christina Stevens in North Carolina.

**Who Is An Insured**

27. The RLI Umbrella Policy provides in part:

> **PART III – WHAT WE WILL DO**
>
> A. We will pay an amount that an **Insured** is legally liable to pay as damages for **Injury** due to an **Occurrence** to which this insurance applies that takes place during the **Policy Period** and in the **Policy Territory**. This insurance applies as excess insurance over and above the greater of:
>
> > 1. the Required Minimum Limit of Coverage for the applicable **Basic Policies** as stated in the Declarations; or
> >
> > 2. the actual limit of coverage provided by the applicable **Basic Policies** if such actual limit is greater than the applicable Required Minimum Limit of Coverage as stated in the Declarations.

28. The RLI Umbrella Policy defines "Insured" and "Relative," in pertinent part, as follows:

> **PART I – DEFINITIONS**
>
> In this policy, the words you, your, or yours mean the person named in the Declarations as the Named Insured and his or her **Spouse** who lives in the same household. The words we, us, our, or ours mean RLI Insurance Company. Also, in this policy, the word: …
>
> G. **Insured** means any person or entity that qualifies for coverage under **PART II – WHO IS COVERED**.
>
> ***
>
> P. **Relative** means a person who resides with you on a full-time basis and:
>
> > 1. is related to you by blood, marriage, civil union, or adoption;
> >
> > 2. for whom you, or a person qualifying as a **Relative** under 1., are a legal custodian or legal guardian; or

3. is a minor who is in your care, or the care of a person qualifying as a **Relative** under 1.

The following will be considered residing with you on a full-time basis: your child for whom you have joint or shared custody; or a student under the age of 26 temporarily residing away from you while enrolled full-time, as defined by the school they are attending, and qualifying under 1. or 2.

***

29. The RLI Umbrella Policy defines when a "Relative" is covered as an "Insured" under the policy, in pertinent part, as follows:

**PART II – WHO IS COVERED**

B. For **Occurrences** involving **Automobiles**, **Recreational Vehicles** or **Watercraft**:

3. Your **Relatives** are covered for any:

a. **Automobile**, **Recreational Vehicle** or **Watercraft** they own, lease or rent;

***

30. The Named Insureds on the RLI Umbrella Policy are William P. Stevens, III and Christina Stevens.

31. On June 30, 2026, Phoebe submitted to a sworn examination under oath ("EUO") pursuant to the terms of the RLI Umbrella Policy.

32. RLI will file a Motion to Seal in order to file a genuine copy of the EUO transcript under seal as <u>Exhibit F</u>.

33. Phoebe testified that, at the time of the Accident, she lived in Hollywood, South Carolina and that she had lived at that address since approximately July or August 2023. (Exhibit F, p. 10).

34. She further testified that at the time of the Accident, she was not enrolled in school. (Ex. F, pp. 23-24, 46).

35. Additionally, in the Survivor Action, counsel for the plaintiff issued a subpoena to William P. Stevens, III requesting "[a]ny and all insurance policies, including umbrella policies, that insured residents of 3500 Camden Falls Circle, Greensboro, North Carolina and were active policies on November 18, 2023."

36. In response to the subpoena, Phoebe filed a Motion to Quash and for Protective Order stating:

> Defendant Stevens, an adult, owned the vehicle driven by Defendant Simmons. The vehicle was titled in Defendant Stevens' name, insured under her name, and she was living in South Carolina at the time of the accident as a fully emancipated adult.

37. In support of the Motion to Quash and for Protective Order, an Affidavit signed and sworn by William P. Stevens, III was submitted to the court. A genuine copy of the Affidavit is attached hereto as Exhibit G.

38. In the Affidavit, William P. Stevens, III represented under oath that Phoebe had not lived at his home at 3500 Camden Falls Circle in Greensboro, North Carolina since August 2019, and that, at the time of the Accident, Phoebe lived in Charleston County. (Ex. G ¶¶ 3, 4). He further represented under oath that Phoebe was not a dependent on his tax returns or insured under his homeowners, auto or umbrella policies. (Ex. G ¶¶ 5, 6).

39. At the time of the Accident, Phoebe did not reside with William P. Stevens, III or Christina Stevens on a full-time basis.

40. At the time of the Accident, Phoebe was not enrolled as a student at any educational institution.

41. Therefore, Phoebe was not an "Insured" under the RLI Umbrella Policy at the time of the Accident.

**Required Minimum Limits of Underlying Coverage**

42. The RLI Umbrella Policy defines "Basic Policy" in **Part I – Definitions** as follows:

> B. **Basic Policy** or **Basic Policies** means the type of policy or policies listed in the Declarations that provide primary liability coverage, which you and your **Relative** are required to have throughout the entire **Policy Period**. **Basic Policy** or **Basic Policies** does not include any commercial, business or general liability policy, or any commercial or business premises policy.

43. The RLI Umbrella Policy includes the following relevant conditions regarding "Basic Policies":

> **PART IV – REQUIRED BASIC POLICIES – CONDITIONS**
>
> A. All required **Basic Policies** must be obtained and maintained during the entire **Policy Period**, including on the date of the **Occurrence**, for the Required Minimum Limits of Coverage listed in the Declarations.
>
> ***
>
> C. If any of the required **Basic Policies**:
>
> ***
>
> 3. are carried with a limit less than the applicable Required Minimum Limits of Coverage listed in the Declarations;
>
> ***
>
> 8. do not insure your **Relatives**, or cover your **Relatives** in an amount less than the applicable Required Minimum Limits of Coverage listed in the Declarations;
>
> there is no coverage under this policy unless the full Required Minimum Limit of Coverage listed in the Declarations has been paid for such **Occurrence**.
>
> ***

44. The RLI Umbrella Policy Declarations provide that the Required Minimum Limits of Coverage for automobile liability bodily injury coverage is $500,000 for each person and $500,000 for each occurrence.

45. Penn National disclaimed coverage under the Penn National Policy for the damages sought against Phoebe in the Underlying Tort Actions.

46. Upon information and belief, the Progressive Policy issued to Phoebe is providing liability coverage for the Underlying Tort Actions.

47. Upon information and belief, the full Required Minimum Limit of Coverage of $500,000 each person/$500,000 each occurrence has not been paid to the plaintiffs in the Underlying Tort Actions on behalf of Phoebe.

48. Therefore, even if Phoebe Stevens qualified as an "Insured" under the RLI Umbrella Policy, the Required Basic Policy Conditions of the RLI Umbrella Policy have not been met resulting in no coverage for Phoebe for the Accident.

**Exclusion W.1.**

49. The RLI Umbrella Policy, in **Part V – What Is Not Covered – Exclusions**, includes the following exclusion:

> **PART V – WHAT IS NOT COVERED – EXCLUSIONS**
>
> This policy does not provide coverage for:
>
> ***
>
> W. **Injury** arising out of, relating to, caused by, resulting from, or in any way connected with:
>
> 1. The entrustment of real or personal property, including any **Automobile**, **Recreational Vehicle** or **Watercraft** by any **Insured** to any person;
>
> ***

> unless the **Occurrence** also is covered by a valid and collectible **Basic Policy** for the Required Minimum Limits of Coverage listed in the Declarations.

50. The Underlying Tort Actions allege that Phoebe negligently entrusted her vehicle to Simons at the time of the Accident.

51. The Progressive Policy issued to Phoebe does not afford the Required Minimum Limits of Coverage listed in the Declarations of the RLI Umbrella Policy. (Ex. D).

52. There is no other "Basic Policy" affording coverage to Phoebe for the Accident for the Required Minimum Limits of Coverage.

53. Therefore, Exclusion W.1. bars coverage for damages sought against Phoebe in the Underlying Tort Actions.

**<u>Exclusion S.</u>**

54. The RLI Umbrella Policy, in **Part V – What Is Not Covered – Exclusions**, includes the following exclusion:

> **PART V – WHAT IS NOT COVERED – EXCLUSIONS**
>
> This policy does not provide coverage for:
>
> ***
>
> S. **Punitive or Exemplary Damages**, fines, penalties or attorney fees.

55. The RLI Umbrella Policy defines "Punitive or Exemplary Damages" as "damages imposed to punish a wrongdoer or deter others from similar conduct. **Punitive or Exemplary Damages** includes aggravated damages or damages on an increased or multiplied scale awarded to an injured party in addition to compensatory damages."

56. Exclusion S. precludes coverage for any punitive damages sought in the Underlying Tort Actions.

## DECLARATORY RELIEF SOUGHT

57. The allegations in the foregoing paragraphs are re-alleged and incorporated herein by reference.

58. Defendants have sought coverage for Phoebe under the RLI Umbrella Policy for the damages sought in the Underlying Tort Actions.

59. RLI contends it owes no duty under the RLI Umbrella Policy to indemnify Phoebe for the damages sought in the Underlying Tort Actions because Phoebe is not an insured under the RLI Umbrella Policy.

60. RLI contends that it owes no duty under the RLI Umbrella Policy to indemnify Phoebe for the damages sought in the Underlying Tort Actions because, even if Phoebe qualified as an insured under the RLI Umbrella Policy, the full Required Minimum Limit of Coverage for the applicable "Basic Policy" has not been paid.

61. RLI contends it owes no duty under the RLI Umbrella Policy to indemnify Phoebe for the damages sought in the Underlying Tort Actions because, even if Phoebe qualified as an insured under the RLI Umbrella Policy, any coverage for such damages is barred by Exclusion W.1. in the RLI Umbrella Policy.

62. RLI contends it owes no duty under the RLI Umbrella Policy to indemnify Phoebe for the punitive damages sought in the Underlying Tort Actions because, even if Phoebe qualified as an insured under the RLI Umbrella Policy, any coverage for such damages is barred by Exclusion S. in the RLI Umbrella Policy.

63. A real and justiciable controversy exists between RLI and Defendants regarding the parties' respective rights and obligations under the RLI Umbrella Policy in connection with the Accident.

WHEREFORE, RLI prays for the following relief:

64. That the Court enter judgment declaring that RLI owes no duty under the RLI Umbrella Policy to indemnify Phoebe for any damages sought in the Underlying Tort Actions because she does not qualify as an insured under the RLI Umbrella Policy;

65. Alternatively, that the Court enter judgment declaring that RLI owes no duty under the RLI Umbrella Policy to indemnify Phoebe for any damages sought in the Underlying Tort Actions because, even if Phoebe qualified as an insured under the RLI Umbrella Policy, coverage for the claims against Phoebe is barred by Exclusion W.1.

66. Alternatively, that the Court enter judgment declaring that RLI owes no duty under the RLI Umbrella Policy to indemnify Phoebe for any punitive damages sought in the Underlying Tort Actions because, even if Phoebe qualified as an insured under the RLI Umbrella Policy, coverage for the claims against Phoebe is barred by Exclusion S.

67. Alternatively, that the Court enter judgment declaring that, even if Phoebe qualified as an insured under the RLI Umbrella Policy, RLI owes no duty under the RLI Umbrella Policy to indemnify Phoebe for any damages sought in the Underlying Tort Actions unless and until the full Required Minimum Limit of Coverage of $500,000 each person/$500,000 each occurrence for a "Basic Policy" has been paid for damages Phoebe is legally liable that are sought in the Underlying Tort Actions.

68. That the Court declare and adjudicate all other rights and obligations between the parties under the RLI Umbrella Policy;

69. For such other and further equitable, legal and declaratory relief as the Court deems just and proper.

*(signature block to follow)*

LYLES & ASSOCIATES

s/ *Lonnie R. Doles, Jr.*_________
Lonnie R. Doles, Jr., Esq. Fed Bar No.: 12113
Allen Leland DuPre, Esq. Fed Bar No.: 7252
2113 Middle Street, Suite 202
Sullivan's Island, South Carolina 29482
lrd@lylesfirm.com
ald@lylesfirm.com
T: (843) 577-7730

Sullivan's Island, South Carolina
October 27, 2026